IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CRAIG BOWIE § | |
| § | |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| CITY OF GALVESTON; and § | |
| JARED TRENTON RIVAS; § | |

**PLAINTIFF'S ORGINAL COMPLAINT**

Plaintiff, Craig Bowie ("Bowie"), brings this Original Complaint against the City of Galveston ("the City"), and Jared Trenton Rivas ("Rivas"), and would show the Court as follows:

### INTRODUCTION

1.  The Galveston Police Department has a long history of accusations of excessive force and police brutality. Those complaints continue to mount every year and have been numerous in volume and publicized for all to see.

2.  Craig Bowie is yet another victim of the police brutality enterprise that continues to operate inside of the Galveston Police Department, and he assuredly will not be the last.

3.  On July 1, 2023, Bowie was hosting a fundraising party, ironically enough, for civil rights when his own civil rights were violated by Officer Rivas. Rivas, without provocation or cause, excessively punched, kicked, and pinned Bowie to the ground. The force used by Rivas was grossly unreasonable from any perspective and violated Bowie's liberty and civil rights.

## PARTIES

4. Plaintiff is an individual and a citizen of the State of Texas.

5. Defendant City of Galveston is a municipal corporation in the State of Texas operating pursuant to the Constitution and the law of the State of Texas. The City of Galveston may be served through its City Secretary.

6. Defendant Jared Rivas is a citizen of the State of Texas and may be served at 555 FM 646, Unit 627, Dickinson, Texas 77539 or wherever he may be found.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because at least one of Plaintiff's claims arise under the Constitution and the laws of the United States.

8. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that Plaintiff's claims arise from events taking place within this judicial district and this division.

## FACTS

9. On July 1, 2023, Bowie was hosting a civil rights fundraiser at 2627 Ave M, in Galveston. The fundraiser was thrown in order to raise money to create a Human/Civil Rights Museum in Galveston.

10. During the fundraiser, Bowie was approached by Officer Rivas who purportedly arrived at the scene due to a complaint about Bowie's dogs barking.

11. Rivas began accusing Bowie of having the dogs tied up all day and not providing them with water. In fact, Rivas's own body cam shows Rivas talking to a neighbor who states that Bowie had in fact been coming out to check on the dogs all day.

12. Bowie knew these allegations were not true and told Rivas that he needed to go actually conduct an investigation and see that the dogs did in fact have water.

13. Instead of conducting any meaningful investigation, Rivas immediately began pushing Bowie to the ground, choking him, threatening to spray him with pepper spray, and telling him he was "going to jail now for animal cruelty." At no time did Rivas observe any evidence of animal cruelty, as confirmed by his own body camera footage showing the dogs had water available. Rivas had no probable cause to believe any crime had been committed.

14. Rivas then dragged Bowie to his patrol car and slammed Bowie's head into the window twice.

15. Bowie was then formally charged with both animal cruelty and resisting arrest, despite the lack of probable cause for either charge.

16. Bowie was taken to jail and spent 28 hours in custody and had to post bond in the amount of $5,000.00.

17. On December 6, 2023, the Galveston County District Attorney dismissed the charges against Bowie.

18. The charges still remain on Bowie's record and he will have to retain counsel and incur fees and expenses in order to file a petition for expunction to remove the charges from his record.

19. On June 25, 2024, while still employed by the City of Galveston, Rivas committed another violent assault while acting in his capacity as a police officer, this time against multiple teenagers at a pool party. In September 2024, a Galveston

County grand jury indicted Rivas on eight charges including two third-degree felony counts of injury to a child, unlawful restraint of a child, official oppression, and multiple assault charges. Rivas was terminated from the Galveston Police Department following this incident, demonstrating the City's awareness of his pattern of excessive force but only after multiple victims were harmed.

### GENERAL ALLEGATIONS

20. Bowie incorporates all preceding paragraphs as if stated herein.

21. Bowie had the right under the Fourth Amendment to be secure in his person against unreasonable seizure and excessive force, and under the Fourteenth Amendment to due process and equal protection under the law, including the right not to be arrested without probable cause by state actors.

22. Pursuant to 42 U.S.C. §1983, every person who, under color of any statute, ordinance, regulation, custom, or usage of any State, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights secured by the Constitution and laws, shall be liable to the injured party in action for redress.

23. Each Defendant is a "person" within the meaning of 42 U.S.C. § 1983.

24. Each Defendant, jointly, severally, or both, deprived Bowie of his rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth Amendment.

25. The acts or omissions of each Defendant were a proximate cause and cause-in-fact of Bowie's injuries and damages.

### COUNT 1

**42 U.S.C. § 1983 — MUNICIPAL LIABILITY — POLICY, CUSTOM, OR PRACTICE**

26. Bowie incorporates all preceding paragraphs as if stated herein.

27. Municipalities may be held liable under 42 U.S.C. § 1983 for constitutional deprivations committed pursuant to a policy, custom, or practice of the municipality. Even absent an officially adopted policy, a custom or practice that is so persistent and widespread that it fairly represents a municipal policy will support liability against the municipality. A pattern of unconstitutional conduct may be shown on the part of municipal employees who are not policymakers.

28. The City of Galveston at all times relevant to this complaint has maintained policies, customs or practices that caused and were the moving force behind the violation of Bowie's constitutional rights described in this complaint.

29. The acts and omissions of each individually named Defendant were caused by said policies, customs or practices.

30. The City of Galveston's policy makers such as its mayor and police chief, had actual or constructive knowledge about said policies, customs or practices. The City of Galveston's policy makers were deliberately indifferent as to said policies, customs or practices.

31. Said policies, customs and practices include the following:

    a. The City's policy, custom or practice of not disciplining police officers for the use of excessive force, thereby sanctioning the police officers' actions which amounted to deliberate indifference.

    b. The City's policy, custom or practice of allowing officers to use excessive force to carry out otherwise routine arrests or stops, contrary to written policy and consistent with a tacitly approved custom or practice;

5

 c. Ignoring the serious need for training and supervision of officers regarding the use of force, despite being aware of numerous other incidents;

 d. Failing to adequately supervise and observe its officers;

 e. Failing to adequately train officers regarding the availability of alternative means of detaining persons other than through the use of force and excessive force;

 f. The City's policy, custom or practice of retaining officers with histories of excessive force complaints and failing to conduct meaningful investigations into such complaints, as demonstrated by the City's retention of Rivas despite prior incidents;

 g. The City's deliberate indifference to the obvious need for better training and supervision, as evidenced by Rivas's pattern of violent conduct that culminated in his subsequent criminal indictment on eight charges for assaulting civilians while acting under color of law.

32. At the time Rivas used excessive force against Bowie, Rivas was acting pursuant to an official city policy, practice, custom and procedure overlooking and/or authorizing police officers' use of excessive force. The City acted with deliberate indifference to either the lack of a policy, or the custom and practice of ignoring any such policy in place.

33. As a result, the City's policy of overlooking and covering up police brutality was a direct cause of Bowie's injuries. Specifically, the City's policy caused deprivation of Bowie's constitutional right to be free from objectively unreasonable, excessive force or intrusion under the Constitution of the United States.

## COUNT 2

### 42 U.S.C. § 1983 — INDIVIDUAL LIABILITY (AGAINST RIVAS)

34. Bowie incorporates all preceding paragraphs as if stated herein.

35. Defendant Rivas, acting under color of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments by using excessive force without justification, conducting an unlawful arrest without probable cause, and subjecting Plaintiff to unreasonable seizure of his person.

36. Rivas's use of force was objectively unreasonable under the circumstances. No reasonable officer would have believed that the level of force used against Bowie was justified in response to a minor animal welfare complaint where no evidence of wrongdoing existed.

37. Rivas arrested Bowie without probable cause to believe that any crime had been committed, in violation of Bowie's Fourth Amendment rights.

38. The constitutional rights violated by Rivas were clearly established at the time of the incident, such that a reasonable officer would have known that his conduct violated Bowie's constitutional rights.

39. Rivas's conduct was intentional, willful, wanton, and showed deliberate indifference to Bowie's constitutional rights.

## COUNT 3

### ASSAULT AND BATTERY (AGAINST RIVAS)

40. Bowie incorporates all preceding paragraphs as if stated herein.

41. Rivas intentionally caused harmful and offensive contact with Bowie's person by punching, kicking, choking, and slamming his head against a patrol car window.

42. Bowie did not consent to such contact, and such contact was not justified under the circumstances.

43. As a direct and proximate result of Rivas's assault and battery, Bowie suffered physical injuries, pain and suffering, mental anguish, and other damages.

## COUNT 4

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST RIVAS)

44. Bowie incorporates all preceding paragraphs as if stated herein.

45. Rivas's conduct was extreme and outrageous, exceeding all bounds of decency and regarded as atrocious and utterly intolerable in a civilized community.

46. Rivas intended to cause severe emotional distress to Bowie, or acted with reckless disregard as to whether his conduct would cause such distress.

47. Bowie suffered severe emotional distress as a direct and proximate result of Rivas's conduct.

## COUNT 5

### NEGLIGENT SUPERVISION AND TRAINING (AGAINST THE CITY)

48. Bowie incorporates all preceding paragraphs as if stated herein.

49. The City had a duty to properly supervise, train, and discipline its police officers, including Rivas.

50. The City breached this duty by failing to adequately supervise Rivas, failing to properly train him regarding the appropriate use of force, and failing to discipline him for prior instances of misconduct.

51. The City's negligent supervision and training was a proximate cause of Bowie's injuries.

## DAMAGES

52. Bowie seeks the following damages:

    a.    Actual damages sustained from medical treatment, lost wages and opportunity, and attorney fees and other fees related to the criminal prosecution;

    b.    Past mental anguish;

    c.    Future mental anguish;

    d.    Damages for violation of constitutional rights, including the inherent value of constitutional rights and the humiliation, embarrassment, and mental distress caused by the deprivation of constitutional rights;

    e.    Exemplary damages against each individually named Defendant. Plaintiff is entitled to exemplary damages because the individual Defendants' actions were motivated by malice and/or involved reckless or callous indifference to Bowie's federally protected rights. The individually named Defendants engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Bowie's constitutionally protected rights;

    f.    Pre- and post-judgment interest; and

    g.    Pursuant to 42 U.S.C. §1988, Bowie seeks and is entitled to recover attorney's fees and costs, including expert fees.

## JURY DEMAND

53. Bowie demands a trial by jury.

## PRAYER

Craig Bowie prays that all Defendants be cited to appear and answer, and that he has judgment against all Defendants, jointly and severally, for actual damages, exemplary damages against all individual Defendants, pre- and post-judgment interest, attorney fees and costs of court, including expert fees, and all further relief, both legal and equitable, to which he shows himself justly entitled.

Respectfully submitted,

**JIMMY ARDOIN & ASSOCIATES, PLLC**

9

4900 Fournace Place, Suite 414
Bellaire, Texas 77401
P: (713) 574-8900
F: (713) 574-1404

*/s/ James Ardoin*
JAMES ARDOIN
State Bar No. 24045420
Email: jimmy@jimmyardoinlaw.com

*ATTORNEY FOR PLAINTIFF*